IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JEROME EWING,<br><br>    Defendant. | Civ. 2:24-cv-02490-SHM<br>Crim. 2:21-cr-20198-JPM |

---

**ORDER DENYING MOTION TO VACATE SENTENCE**

---

Before the Court is Defendant Jerome Ewing's *Pro Se* Motion to Vacate, Set Aside, or Correct Sentence (the "Motion"), filed on July 2, 2024. (ECF No. 1). Defendant seeks relief under 28 U.S.C. § 2255, alleging a violation of his Sixth Amendment right to effective assistance of counsel. Id. The government has not filed a response. For the reasons below, the Motion is **DENIED**.

I.   BACKGROUND

On November 22, 2022, Defendant pled guilty to three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and five counts of knowing possession of a controlled substance with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). (Crim. Dkt. ECF No. 114). On February 24, 2023, the Court sentenced Defendant to 151 months in prison,

1

followed by three years of supervised release. (Crim. Dkt. ECF No. 122). Defendant did not appeal his sentence.

On July 2, 2024, Defendant filed this Motion under § 2255 seeking to vacate his sentence. (ECF No. 1). Defendant alleges that the federal public defender's representation was so deficient that it violated his Sixth Amendment right to effective assistance of counsel. Id. Specifically, Defendant alleges the following deficiencies:

(1) Counsel allegedly "failed to investigate [the source of] the firearm," the circumstances of Defendant's "warrantless arrest," and Defendant's alleged "actual innocence" of firearm possession. Id.

(2) Counsel allegedly "fail[ed] to appeal the district court's denial of [Defendant's] motion to suppress [the government's evidence]," which was allegedly unconstitutionally obtained through a warrantless search. Id.

(3) Counsel allegedly "failed to appeal the district court's enhanced [sentence]" by improperly categorizing Defendant as a "career criminal" in violation of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Id.

(4) Counsel allegedly "encourage[d] [Defendant] to enter a 'blindfold plea'." Id.

2

**II. STANDARD OF REVIEW**

Once a district court imposes a sentence, it may not modify that sentence except in limited circumstances. See United States v. Hunter, 12 F.4th 555, 561 (6th Cir. 2021); see also United States v. Alexander, 951 F.3d 706, 707 (6th Cir. 2019) ("[The sentencing] court … does not have the authority to change or modify the sentence unless such authority is expressly granted by statute."). One exception is 28 U.S.C. § 2255, which permits a prisoner to move the sentencing court to vacate, correct, or set aside a sentence, if:

> "The sentence was imposed in violation of the Constitution or laws of the United States, or [if] the court was without jurisdiction to impose the sentence, or [if] the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack."

28 U.S.C. § 2255. "The movant has the burden of establishing any claim asserted in the petition." United States v. Goodrum, 584 F.Supp.2d 1026, 1030 (N.D. Ohio 2005) (citing Bowers v. Battles, 568 F.2d 1, 5 (6th Cir. 1977)).

Where the movant alleges a constitutional error under § 2255, "the record must reflect a constitutional error of such magnitude that it had a substantial and injurious effect or influence on the proceedings." Goodrum, 584 F.Supp.2d at 1030

(citing Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993)); see also Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999).

For non-constitutional errors, the movant must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Riggs v. United States, 209 F.3d 828, 831 (6th Cir. 2000) (quoting Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994)); see also United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990).

"*Pro se* pleadings are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. See Brown v. Matauszak, 415 Fed.Appx. 608, 613 (6th Cir. 2011); Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). "While Courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue." Young Bok Song v. Gipson, 423 Fed.Appx. 506, 509 (6th Cir. 2011); accord Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.").

4

## III. ANALYSIS

Under the Sixth Amendment, a defendant is entitled only to *reasonably* effective counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984) ("[T]he proper standard for attorney performance is that of reasonably effective assistance."). The Sixth Circuit defines effective counsel as "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." Beasley v. United States, 491 F.2d 687, 694 (6th Cir. 1974); accord Trapnell v. United States, 725 F.2d 149, 151 (2d Cir. 1983); Caraway v. Beto, 421 F.2d 636, 637 (5th Cir. 1970). Thus, "when a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88.

To obtain relief under § 2255 for ineffective assistance of counsel, the movant must make two showings. First, the movant must show that the attorney's representation was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. at 687. Second, the movant must show that the deficient representation was so prejudicial that it "deprive[d] the defendant [of the right to] a fair trial, a trial whose

5

result was reliable." Id. Failure to make either showing is fatal to a § 2255 motion claiming ineffective assistance of counsel. See id.

Defendant has failed to meet either requirement. Although Defendant has alleged multiple deficiencies by the federal public defender, none is supported by facts. His only relevant factual assertion is that counsel "encourage[d] [Defendant] to enter into a 'blindfold' plea" with the government, which allegedly deprived him of his right to a fair trial. (ECF No. 1). Even assuming this alleged deficiency occurred, Defendant cannot establish that his right to a fair trial was prejudiced. "To establish prejudice," Defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Williams v. Taylor, 529 U.S. 362, 390-91 (2000); see also Strickland, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to determine confidence in the outcome."). Defendant has not met his burden.

Even if all of Defendant's allegations were taken as true, they do not demonstrate a deprivation of his Sixth Amendment rights. Defendant argues that the federal public defender's performance was deficient for failing to thoroughly investigate every plausible line of offense. (ECF No. 1). Counsel is not required to investigate all potential defenses to provide

6

effective assistance. See Strickland, 466 U.S. at 681 ("[W]hen counsel's assumptions are reasonable given the totality of the circumstances and when counsel's strategy represents a reasonable choice based upon those assumptions, counsel need not investigate lines of defense that he has chosen not to employ at trial."). "Criminal defense lawyers [are] given broad discretion in making decisions" about litigation strategy. Miller v. Francis, 269 F.3d 609, 620 (6th Cir. 2001). "A strategic decision," even if imprudent in hindsight, "cannot be the basis for a claim of ineffective assistance of counsel[.]" Miller v. Webb, 385 F.3d 666, 672 (6th Cir. 2004). On this record, counsel functioned effectively as the "counsel" guaranteed by the Sixth Amendment.

**IV.   CONCLUSION**

Defendant is not entitled to relief under § 2255 because he has failed to meet his burden of demonstrating ineffective assistance of counsel. Defendant's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**.

**SO ORDERED** this _20th_ day of February, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE